Samuel R. LeFORT, Appellant,

v.

MASSACHUSETTS BONDING AND INSURANCE COMPANY et al., Appellees.

No. 22438.

United States Court of Appeals
Fifth Circuit.

April 11, 1966.

Clifton S. Carl and Garrett & Carl, New Orleans, La., for appellant.

Adams & Reese, Richard C. Baldwin, New Orleans, La., for Aetna Casualty & Surety Co., defendant-appellee.

Ernest A. Carrere, Jr., New Orleans, La., Frank C. Allen, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., of counsel, for Massachusetts Bonding & Insurance Co.

Porteous & Johnson, William A. Porteous, Jr., William A. Porteous, III, New Orleans, La., for other defendants-appellees.

Before JONES and BELL, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

The appellant sued the malpractice insurer of his attending surgeon and the malpractice and the general liability insurers of the hospital in which his hernia operation was performed for damages on account of a staphylococcus aureus infection in his surgical incision beginning three or four days after his operation. He based his theories of malpractice and negligence on the allegation that the shortcomings in the conduct of his physician and the hospital improperly permitted him to be exposed to the bacteria causing the infection.

The only question presented here is whether the trial court erred in instructing a verdict for the appellees. No purpose would be served in setting out the details of the evidence. We have carefully examined the record and conclude that the failure of the appellant to sustain his burden of establishing a causal connection between the claimed deviation from the accepted professional standards and his infection justified the court in not submitting the case to the jury.

Affirmed.